**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

SUSANNA M RIVERA, and
WALTER JOSEPH BECKMAN,
On Their Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

   Plaintiffs,

vs.

CITIGROUP, INC. and
CITIBANK, N.A.

   Defendants

---

## COMPLAINT – CLASS ACTION

---

   COMES NOW Plaintiff Susanna M. Rivera and Plaintiff Walter Joseph Beckman,

("Plaintiffs") on their own behalf and on behalf of all Other Individuals Similarly

Situated, by and through their undersigned counsel, hereby sue Defendant Citigroup, Inc.

and Defendant Citibank, N.A. for injunctive relief, attorney's fees and costs (including,

but not limited to, court costs and expert fees) pursuant to Title III of the Americans with

Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R.

Part 36 and allege as follows:

### INTRODUCTORY STATEMENT

   1.  Online unfettered access to online banking is a critical need of low vision

and blind people.  Plaintiffs bring this action in Federal Court to stop the marginalization

of blind, vision impaired, and low vision patrons of the Defendants' website

www.citibank.com, which is an extension of Citibank, N.A.'s bank locations and an extension of the financial services offered by Citigroup, Inc. throughout the United States of America where the law of the American with Disabilities Act has been the law of the land for over twenty-six years.

2.      Defendant Citibank, N.A. (also referenced as "Defendant Citibank") owns and operates places of public accommodation which are banks under the name "Citibank." Citibank banks offer banking services. Citibank is the consumer division of financial services for its parent company which is the multinational corporation: Citigroup, Inc..

3.      Defendant Citigroup, Inc. also referenced as "Defendant Citigroup") is the parent company to Citibank. Defendant Citigroup owns and operates the website www.citibank.com, which offers among other things a link to the financial services offere4d by its subsidiary company, Defendant Citibank.

4.      Defendant Citigroup's website www.citibank.com ("website") serves as an adjunct to Defendant Citibank's banking location. The website www.citibank.com which is directly connected to Defendant Citibank's banks, since the website provides a site locator to Defendant Citibank's physical bank locations (places of public accommodation) and also provides access to bank accounts for Citibank's banking customers and individuals interested in finding out about Citibank's bank services in a similar manner as if the banking customers (or individuals interested in finding out about Citibank's bank services) were to request services at Citibank's various bank locations. Thus, www.citibank.com ("website") has a true nexus to the Defendant Citibank, N.A.'s physical bank locations.

2

5.      This case arises out the fact that Defendants Citibank and Citigroup have operated their business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendants' website, www.citibank.com (also referenced throughout as "website").

6.      This is an action to put an end to civil rights violations committed by Defendants Citibank, N.A. and Citigroup, Inc. against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

7.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

8.      This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for banking services provided by Citibank's and Citigroup's internet website.

9.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this District, the Defendants transact business in this District, and the acts constituting the violation of the ADA occurred in this District.

10.     Plaintiffs seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Susanna M Rivera

11.     Plaintiff Susanna M Rivera ("Plaintiff Rivera") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

12.     Plaintiff Rivera suffers from what constitutes a "qualified disability" under the ADA.   Plaintiff Rivera is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

13.     Plaintiff Rivera frequently utilizes the internet and due to her visual disability, must use commercially available screen reader software to interface with and to comprehend various websites, such as the Defendant's website.

### Walter Joseph Beckman

14.     Plaintiff Walter Joseph Beckman ("Plaintiff Beckman") is a resident of the state of Florida, is *sui juris*, and is disabled as defined by the ADA and the Rehabilitation Act.

15.     Plaintiff Beckman suffers from what constitutes a "qualified disability" under the ADA.  Plaintiff Beckman is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world and adequately traversing obstacles and walking without assistance.

Plaintiff Beckman's disability is defined in 42 U.S.C. §12012(1)(A) and in 42 U.S.C. 3602, §802(h).

16.     Plaintiff Beckman frequently utilizes the internet and due to his visual disability, must use commercially available screen reader software to interface with and to comprehend various websites, such as the Defendant's website.

**Other Plaintiffs Similarly Situated**

17.     Other plaintiffs similarly situated to Plaintiff Susanna M. Rivera and Plaintiff Walter Joseph Beckman ("Plaintiff Rivera and Plaintiff Beckman") are qualified individuals with disabilities under, and as defined by, the ADA.

18.     Other plaintiffs are also similarly situated to Plaintiff Rivera and Plaintiff Beckman by virtue of the fact that they are either Citibank account holders or they are interested in finding out about the banking services that Citibank provides as well as finding out the various Citibank banking locations, and that they are disabled with visual impairments and require screen reader software (which is commercially available) in order to comprehend the Defendant's website to become informed of the Defendant's Citibank bank locations, Citibank banking services, and (if already customers of Citibank) to access their Citibank bank account information.

**Citigroup, Inc.**

19.     Defendant Citigroup, Inc. (also referenced as Defendant Citigroup) is the parent corporation of co-Defendant Citibank, N.A. and is owner and operator of the website  www.citibank.com.

20.     Defendant Citigroup, Inc. is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

**Citibank, N.A.**

21.     Defendant Citibank, N.A. (also referenced as Defendant Citibank) is the owner and operator of  a federally insured bank which is authorized to operate and is licensed to operate in the state of Florida under the name "Citibank, N.A." and is more commonly referred to as "Citibank" and is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

22.     Defendant Citibank, N.A.'s bank locations, bank services, and customer account information is available on the website www.citibank.com, which is owned and operated by its parent company, Defendant Citigroup, Inc.

## FACTS

23.     Defendant Citibank is defined as a "public accommodation" because it is an entity which owns and operates a chain of commercial banks ("banks") under the name "Citibank, N.A." each of which is a "Place of Public Accommodation," 42 U.S.C. § 12181(7)(F) and 28 C.F.R. §36.104. (2) or "[P]laces of public accommodation," as "other service establishment." Each of the Defendant Citibank's banks are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. Part 36.  Defendant Citibank's banks are also referenced throughout as "place(s) of public accommodation," "Citibank banks," or "banks."

24.     Defendant Citigroup is defined as a "public accommodation" because it is an entity which owns and operates the website www.citibank.com which serves to provide services to the general public and so is itself a "Place of Public Accommodation,"

42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104. (2) or "[P]laces of public accommodation," as "other service establishment."

25.     Defendant Citigroup's website www.citibank.com features links to co-Defendant Citibank's bank locations throughout the United States and within the state of Florida. In addition, the website permits Citibank account holders to access their bank accounts and permits individuals who are not current Citibank account holders information about the banking services Citibank provides, as well as the ability to locate bank locations closest to the individuals so inquiring.

26.     Since the website allows the general public ( account holders and also individuals who are not current account holders) the ability to locate one of the many Citibank physical bank locations, the website is an extension of the physical Citibank banks. Therefore, the website has a direct nexus between the website and the Defendant's Citibank banks, hence the website is also characterized as a place of public accommodation (42 U.S.C. §§S 12181(7)(F)).

27.     The website also allows the general public who are not Citibank bank account holders introduction to the banking services which Citibank provides as a place of public accommodation, and for this reason, the website is characterized as a service establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F), and must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public who are not current account holders.

28.     The website also allows the general public who are bank account holders access to their bank accounts. As such, the website is a service establishment, which is a

public accommodation pursuant to 42 U.S.C. § 12181(7)(F), and must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public who are also account holders.  As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[1]

29.    Plaintiff Rivera is a Citibank account holder and seeks to access her Citibank account through the website www.citibank.com.

30.    Plaintiff Rivera frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Rivera uses commercially available screen reader software to interface with the various websites.

31.    Since early 2015, Plaintiff Rivera attempted to utilize the website www.citibank.com several times to check on her Citibank bank account.  The Plaintiff utilizes screen reader software, which is utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

32.    Plaintiff Rivera contacted the "800" number at Citibank to inquire how she could comprehend the website, and she was met with indifference.  The Citibank "800" help number staff had no knowledge of the website's inaccessibility for individuals who were visually impaired, or of the requirements for accessibility mandated by the ADA.

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

Defendant's representatives told Plaintiff Rivera to come into a physical Citibank bank location ie: "just come into the branch."

33. However, the www.citibank.com website did not integrate with Plaintiff Riviera's screen reader software, nor was there any function within the website to permit access for visually impaired through other means.

34. After many attempts at using the www.citibank.com website and many attempt to contact Citibank's customer service in order to utilize the website, Plaintiff Riviera still could not comprehend the website, as the website did/does not integrate with the Plaintiff's screen reader software.

35. Plaintiff Rivera is a Citibank account holder and continues to desire to patronize the www.citibank.com website, but is unable to do so as she is unable to comprehend the website. Thus she will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

36. Plaintiff Beckman is not a Citibank customer.

37. Plaintiff Beckman frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Beckman uses commercially available screen reader software to interface with the various websites.

38. During May 2016, Plaintiff Beckman attempted many times to gain access to the website www.citibank.com, a place of public accommodation, to determine if he would like to open an account at Citibank. Plaintiff Beckman attempted to use the website www.citibank.com to become informed of the bank services that Citibank provides and to locate a Citibank banking location closest to him.

39.     However, the www.citibank.com website did not integrate with Plaintiff Beckman's screen reader software, nor was there any function within the website to permit access for visually impaired through other means.

40.     The fact that Plaintiff Beckman could not access the www.citibank.com website, he felt as if another door had been slammed in his face, as he is/was unable to participate in the banking experience online at the www.citibank.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

41.     Plaintiff Beckman continues to desire to patronize the www.citibank.com website, but is unable to do so as he is unable to comprehend the website. Thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

42.     Website www.citibank.com did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

43.     Website www.citibank.com is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

44.     Website www.citibank.com is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of www.citibank.com) by individuals with disabilities who are visually impaired.

45.     On information and belief, neither Defendant has initiated a Web Accessibility Policy to insure full and equal use of www.citibank.com by individuals with disabilities.

46.     On information and belief, neither Defendant has instituted a Web Accessibility Committee to insure full and equal use of www.citibank.com by individuals with disabilities.

47.     On information and belief, neither Defendant has designated an employee as a Web Accessibility Coordinator to insure full and equal use of www.citibank.com by individuals with disabilities.

48.     On information and belief, neither Defendant has instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of www.citibank.com by individuals with disabilities.

49.     On information and belief, neither Defendant has instituted a User Accessibility Testing Group to insure full and equal use of www.citibank.com by individuals with disabilities.

50.     On information and belief, neither Defendant has instituted a Bug Fix Priority Policy.

51.      On information and belief, neither Defendant has instituted an Automated Web Accessibility Testing program.

52.     On information and belief, neither Defendant has created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

53.     On information and belief, neither Defendant has created and instituted on www.citibank.com a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the website will be accessible to the visually impaired community.

54.     On information and belief, the website www.citibank.com does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[2]

55.     Thus, neither of the Defendants have provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through the www.citibank.com website.

56.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

57.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

58.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society.

59.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American

---

[2] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

civic and economic life. That mandate extends to internet websites, such as www.citibank.com.

60.     On information and belief, both of the Defendants are aware of these common access barriers within www.citibank.com which prevent individuals with disabilities who are visually impaired from the means to comprehend www.citibank.com to access their bank account information and to become informed of the various physical bank locations.

61.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

62.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

63.     Thus, the Defendants have refused to make its website accessible to individuals with disabilities who are visually impaired.

64.     Enforcement of the Plaintiffs' rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

65.     Plaintiff Riviera and Plaintiff Beckman have retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff Rivera and Plaintiff Beckman bring this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class [F.R.C.P. Rule 23(a)(1)], the claims and defenses of the representative party is

typical of those of the class [F.R.C.P. Rule 23(a)(3)], and Plaintiff Rivera and Plaintiff Beckman (as representative parties) will fairly and adequately protect the interests of the class [F.R.C.P Rule 23(a)(4)].

67.     Defendant Citibank owns and operates over nine hundred eighty Citibank bank branches in North America and has branches throughout Latin America, Asia, Europe, the Middle East, and Africa. The website www.citibank.com services Defendant Citibank's various Citibank bank locations represented by its physical bank locations and also supports the operations and services of Co-Defendant Citigroup financial services (which owns and operates the website).

68.     According to the National Federation for the Blind[3] , there are 6,670,300 Americans with visual disabilities, and 434,600 within the state of Florida.

69.     Thus, the Class of Others Similarly Situated to Plaintiff Rivera and Plaintiff Beckman which is to be represented by Plaintiff Rivera and Plaintiff Beckman is so numerous (6,670,300 visually impaired Americans throughout the United States and 434,600 in the state of Florida) that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

70.     Plaintiff Rivera is a representative of the Class due to the fact that she suffers from a qualified disability, she is visually impaired, she is a Citibank bank account holder, and she requires screen reader software interface in order to comprehend and effectively communicate with public accommodations on the internet, such as the www.citibank.com website.

71.     Plaintiff Beckman is a representative of the Class due to the fact that he suffers from a qualified disability, he is visually impaired, he is not a Citibank bank

---

[3] Statistics for 2012, see http://www.NFB.org/blindness-statistics

14

account holder but desires to become informed of Citibank banking services and of Citibank bank locations in order to become fully informed for the purpose of establishing an account at Citibank, and he requires screen reader software interface in order to comprehend and effectively communicate with public accommodations on the internet, such as the www.citibank.com website.

72.    The questions of law and fact relating to the representative Plaintiffs Riviera and Beckman are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

73.    Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

74.    The Plaintiff seeks injunctive relief for the implementation of the relief provide by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.   Accordingly, Plaintiff Rivera representative party for the Class of Citibank account holders, and Plaintiff Beckman is representative party for the general public who are not Citibank account holders will together fairly and adequately protect the interests of the Class.

75.    The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

76.    Prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by defendant and adjudication which may be dispositive of the interest of the other Class members.

77.     The questions of law and fact common to the members of the Class, such as the degree of non-compliance, which will be raised and adjudicated herein, predominate over any questions affecting only the individual Plaintiffs or individual members of the Class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

78.     The Defendants have discriminated against Plaintiff Rivera and Plaintiff Beckman and the members of the Class by denying effective communication through the www.citibank.com website.

79.     The Defendants have failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Rivera and Plaintiff Beckman and others similarly situated. The Defendants are operating in violation of Plaintiffs' rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

80.     Plaintiff Rivera, Plaintiff Beckman, and others similarly situated have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendants' unlawful and discriminatory practices.

81.     Plaintiff Rivera, Plaintiff Beckman,  and others similarly situated will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by the court.

82.     Notice to the Defendants is not required as a result of the Defendants' failure to cure the violations.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

83.     Plaintiff Rivera, Plaintiff Beckman,  and others similarly situated re-allege and incorporate by reference the allegations set forth in ¶¶s 1-82 above

144.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[4].

145.     As a result of the inaccessibility of www.citibank.com website and by the barriers to access in this website (when removal of those barriers is readily achievable), the Defendants (and both of them) have denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendants have made available to the general public in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

146.     Pursuant to 42 U.S.C. §12181(7)(F), the Defendant's website is a *place of public accommodation* under the ADA because it serves to augment its chain of Citibank banks and by providing the general public (account holders and non-account holders) information on the various locations of Citibank banks and educate the general public as to the line of financial services provided by Defendant Citigroup.

147.     As such, the www.citibank.com website must be in compliance with the ADA.  However, the website is\was not in compliance with the ADA.  Plaintiff Rivera ,

---

[4] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

Plaintiff Beckman, and others similarly situated have suffered an injury in fact because of the website's (and Defendants') non-compliance with the ADA.

148.    Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which prone to making the website inaccessible.

84.    A sampling review of just part of the www.citibank.com website revealed that it is not functional for users who are visually impaired. The www.citibank.com website contains several types of PETs (easily identifiable and correctable), which occur on throughout the website such as:

    1) The language of the document is not identified,
    2) Image alternative text is not present, and
    3) A form control does not have a corresponding label.

85.    Further, the www.citibank.com website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

    1) Alternative text is likely insufficient or contains extraneous information,
    2) An event handler is present that may not be accessible,
    3) A heading level is skipped,
    4) Flash content is present,
    5) Adjacent links go to the same URL,
    6) A link contains no text, and
    7) Alternative text is likely insufficient or contains extraneous information.

149.    More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

150.    Further, the www.citibank.com website did\does not offer include the universal symbol for the disabled[5] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

151.    Therefore, due to the visual disabilities of Plaintiff Riviera and Plaintiff Beckman and the Defendants' failure to have the website adequately accessible to individuals with visual impairments, Plaintiff Riviera and Plaintiff Beckman were unable to comprehend the Defendant's website.

152.    The Defendants have violated the ADA (and continue to violate the ADA) by denying access to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations are ongoing.

153.    As a result of the Defendants' inadequate development and administration of www.citibank.com, Plaintiff Rivera, Plaintiff Beckman, and others similarly situated are entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

154.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Rivera, Plaintiff Beckman, and others similarly situated injunctive relief; including an order to:

   a) Require  Defendant Citigroup, Inc. and Defendant Citibank, N.A. to adopt and  implement  a  web  accessibility  policy  to  make  publically  available and directly link from the homepage of www.citibank.com to a statement

---

[5] , or HTML "Accessibility" link for those individuals who are visually impaired

as to their policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through www.citibank.com, and

b) Require Defendant Citigroup, Inc. and Defendant Citibank, N.A. to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.citibank.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

155.   Plaintiff Rivera and Plaintiff Beckman have been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Riviera, Plaintiff Beckman, and others similarly situated are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Citigroup, Inc. and Defendant Citibank, N.A.

WHEREFORE, Susanna M. Rivera and Plaintiff Walter Joseph Beckman, on their own behalf and on behalf of all other Individuals Others Similarly Situated, hereby demand judgment against Defendant Citigroup, Inc. and Defendant Citibank, N.A. and request the following injunctive and declaratory relief:

a)   The Court issue a declaratory judgment that Defendant Citigroup, Inc. and Defendant Citibank, N.A. have violated the Plaintiffs' rights as guaranteed by the ADA;

b)   The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Citigroup, Inc. and Defendant Citibank,

N.A. from operating the website www.citibank.com without adequate accommodation for the visually impaired community;

c)      The Court enter an Order requiring Defendant Citigroup, Inc. and Defendant Citibank, N.A. to update www.citibank.com  to remove barriers in order that individuals with visual disabilities can access www.citibank.com to the full extent required by the Title III of the ADA;

d)      The Court enter an Order requiring Defendant Citigroup, Inc. and Defendant Citibank, N.A. to clearly display the universal disabled logo[6] within the website www.citibank.com, wherein the logo would lead to a page which would state accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.citibank.com;

e)      The Court enter an order requiring Defendant Citigroup, Inc. and Defendant Citibank, N.A. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

f)      The Court enter an Order directing Defendant Citigroup, Inc. and Defendant Citibank, N.A. to evaluate their policies, practices and procedures toward persons with disabilities, for such reasonable time so as

---



to allow the Defendant to undertake and complete corrective procedures to the website known as www.citibank.com.

g)    The Court enter an Order directing Defendant Citigroup, Inc. and Defendant Citibank, N.A. to establish a policy of web accessibility and accessibility features for the website known as www.citibank.com;

h)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

i)    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of July, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

22